IN THE

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS SAN ANTONIO DIVISION

| | |
|---|---|
| Stan Laber, Plaintiff v. Ryan D. McCarthy, Secretary of the Army, In his official capacity | Case No. 5:20cv456 Jury Trial Is Requested April 13, 2020 |

## Plaintiff's CIVIL RIGHTS COMPLAINT

**Parties**

Stan Laber (Laber), is a retired Federal employee who applied for multiple job vacancies with the Army but was rejected. Each rejection is a separate cause of action. Plaintiff is located at Albany, NY 12209.

Defendant Ryan D. McCarthy, Secretary of the Army, in his official capacity, is the head of the Army. Defendant is located at the Office of the Secretary of the Army, 101 Army Pentagon, Washington, DC 20310-0101

**Jurisdiction**

The court has the authority to hear these matters based on Federal laws, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and because of his age and reprisal for prior complaints under the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. §§ 621, et seq.).

Each of these laws was violated when Laber was not selected for each vacancy cited herein and vacancies like or related to them but not yet discovered.  Plaintiff has met the exhaustion requirements of 29 CFR 1614 because he sought timely administrative relief, received a final EEOC decision, and now appeals the charges he brought to Defendant for a de novo decision by this court.

**Venue**

A Title VII action *"maybe brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office."*

Venue is proper in the Western District because the action herein is based on an adverse personnel action by the defendant that occurred at Ft. Sam Houston in San Antonio, Texas.

A jury trial is requested.

**Introduction**

1. Plaintiff alleges that the Defendant intentionally discriminated against him because of his age, sex, religion, and reprisal in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and because of his age and reprisal for prior complaints under the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. §§ 621, et seq. when Defendant failed to hire him for advertised vacancies to which he applied.

2. Based on knowledge and belief, Defendant discriminatorily continues to prevent Plaintiff's employment.

3. Plaintiff has no other active civil claims against Defendant.

**Statements of Fact**

4. At the time of the events giving rise to this complaint, Plaintiff, a Jewish male born in 1945, had previously filed informal and formal EEO complaints and civil actions against Defendant based on Title VII and ADEA violations.

5. Plaintiff has filed other EEO claims against Defendant for other vacancies which are currently in the administrative phase.

6. On January 09, 2015, Plaintiff retired from government service but continued applying for vacancies to reenter government service.

7. On July 30, 2015, Defendant advertised two GS-1102-12 Contract Specialist vacant positions under vacancy announcement number NCFR157912331457094.

8. On or about July 30, 2015, Plaintiff applied for the vacancies.

9. On August 31, 2015, Plaintiff was referred for consideration along with 32 other candidates to the selecting officials.

10. Defendant offered to interview 14 applicants after reviewing applicants' resumes but did not offer Plaintiff an interview.

11. One of the two selecting officials testified on April 05, 2016, that Plaintiff's was not interviewed because his experience demonstrated that he was "over-qualified", among other reasons.

12. The other panelist determined that Plaintiff's DoD contract experience ranked lower than that of other applicants' DoD contract experience.

13. On October 12, 2014 Plaintiff was sent an automated notice that stated he was not selected for either vacancy NCFR157912331457094.

14. On November 3, 2015, Plaintiff made initial contact with Defendant's EEO official for informal counseling.

15. On December, 1, Plaintiff was sent a Notice of Right to File a Formal Complaint of Discrimination.

16. On December 9, 2015, Plaintiff filed a formal EEO complaint alleging that Defendant discriminated against him on the bases of his age, sex, religion, and reprisal for prior protected activity under Title VII of the Civil Rights Act of 1964 and, because of his age and reprisal for his prior complaint activity, under the Age Discrimination in Employment Act of 1967 (ADEA).

17. From March 31, 2016 to April 14, 2016, Defendant conducted an investigation.

18. On October 28, 2016, the FT SAM EEO office requested that the EEOCCR (SAMR-

EO-CR) issue the Final Agency Decision (FAD).

19. On March 20, 2018, Complainant filed an appeal with the Equal Employment Opportunity, Office of Federal Operations (OFO) because Defendant failed to issue a decision within the mandatory time period and requested sanctions against the agency based on "29 CFR 1614.110 (b) - Final action by agencies".

20. On April 19, 2018, Defendant issued a FAD finding no discrimination.

21. On April 24, 2018, Plaintiff received the FAD.

22. On July 30, 2019, the OFO issued its decision which confirmed the FAD.

23. On September, 03, 2019, Plaintiff requested reconsideration of the OFO's decision.

24. This charge is brought within 90 days of the date the OFO issued its final decision on Plaintiff's Request for Reconsideration which was January 15, 2020.

25. Defendant is in possession of all of the relevant records.

26. The wrongs alleged are continuing to occur at the present time.

27. Defendant's investigation was purposefully deficient in order to prevent Plaintiff from pleading the facts of his case or meet his burden.

28. Defendant alleged that Plaintiff was not selected because the Review Panel improperly ranked him lower in scoring because of his protected bases in favor of younger applicants, not of his gender or religion and had not previously complained of improper discrimination.

29. Plaintiff, despite his plainly superior qualifications relative to those granted interviews, was not granted an interview and not selected.

30. On knowledge and belief, after attempting to resolve each claim informally, Plaintiff

filed a formal complaint which gave Defendant the information it needed to investigate and resolve the disputes

31. None of the applications in the ROI was complete, including Plaintiff's applications.

32. On faith and belief, Plaintiff maintains that Defendant's investigation of the matter was purposefully deficient as a form of retaliation for Plaintiff's filing of the EEO complaint.

33. Defendant failed to provide the relevant applications and associated records such as the documents each applicant submitted to establish his/her eligibility such as an SF-50; a USAJOBS questionnaire; transcripts and attachments that the applicant chose to submit such as a cover letter or a writing sample or evaluation, or certificates, or records of training or awards.

34. Until such time that Plaintiff is able to better refine the bases, through discovery, he alleges the same bases he identified at the administrative level for each action without diminution.

35. Based on belief an information, Plaintiff claims sex was a significant factor where the selecting official had a history of hiring or selecting females over males.

36. On knowledge and belief, Plaintiff consulted with Defendant's Equal Employment Office (EEO) Counselor within 45 days of becoming aware that discrimination had occurred in regard to each claim in order to try to informally resolve the matter per 29 C.F.R. § 1614.105(a).

37. On knowledge and belief, Plaintiff cooperated in good faith to provide all relevant available information to Defendant to evaluate the merits of the charge.

38. On knowledge and belief, the action or nonselection included either a failure to hire, failure to interview, failure to consider, failure to refer to the selecting official, failure to treat Plaintiff as favorably as other applicants, failure to follow applicable regulations for consideration, or other form of rejection of Plaintiff because of one or more of his known bases of age, sex, religion, and prior or, then instant, EEO activity.

39. On knowledge and belief, Plaintiff's age, sex, religion and prior protected activity were known to each selecting official who took action against him, including Human Resource specialists, based on his/her direct or indirect knowledge of a large number of Plaintiff's prior EEO and ADEA complaints, settlements, cases on appeal, and civil court cases against the Defendant other DoD agencies. Each one of these cases revealed his age, sex, religion, and his prior protected activity under the relevant acts.

40. Plaintiff's numerous EEO complaints and appeals are well documented on the internet.

41. A search on "Stan Laber Plaintiff", even without any reference to EEO activity, immediately returns Plaintiff's EEO activity, his age, sex, and religion as early as the 1980's and continues presently.

42. The conduct of internet searches is common practice of Defendant's selecting officials and Defendant has no policy preventing this practice.

43. On knowledge and belief, hiring officials for contract specialist positions are the most frequent users of internet searches regarding applicants because most

government contract specialists' names are mandatorily made available in an online Government Acquisition Portal, FedBizOpps.

44. Based on knowledge and belief, Plaintiff alleges that one or more of the selecting officials searched the internet and found Plaintiff's EEO complaint activity.

45. On faith and belief, Plaintiff's religion was known to all selecting officials and personnelists based on his prior protected activity which was reported on the internet.

46. Plaintiff's age was known to all selecting officials, including Human Resource specialists, and anyone who reviewed his application because his application always included the dates he graduated from high school, colleges, and universities.

47. Plaintiff's sex was evident from his name and the use of male pronouns in his evaluations and award citations.

48. On faith and belief, anyone who performed the above described internet search, found Plaintiff's EEO complaint activity on the internet.

49. On faith and belief, anyone who read about Plaintiff's protected activity became aware of to his age, sex, religion, and additional details of his protected activities.

50. On faith and belief, anyone who found Plaintiff's protected activity advised others of Plaintiff's protected activity, advised colleagues and supervisors of Plaintiff's protected activities.

51. On faith and belief, any adverse decision, whether an improper evaluation or any other rejection, was  based on Plaintiff's protected activities was discriminatory

retaliation.

52. Plaintiff alleges that in addition to the discrimination that occurred during the consideration of his application and eventual rejection thereof, each selecting official, human resource specialist, EEO official, and representative retaliated against Complaint after he or she learned of the instant claim Plaintiff made or said he intended to make.

53. The above acts of retaliation were revealed during the investigation and consisted of such acts as providing false or incomplete information to the investigator, freely discussing Plaintiff's complaints and details of those complaints with persons for no legitimate business purpose, making derogatory remarks that were untrue, or purposefully rating him, his application, experience, or qualifications lower than actually warranted because of his protected activities and bases.

54. A typical example of the above retaliation occurred when the investigator or supervisor asked witnesses why Plaintiff was not selected, or not referred, or not interviewed.  They responded with comments and sworn affidavits that contained false, misleading, and derogatory information to cover up discriminatory acts they committed or knew of that might not have been discriminatory at all.  By doing so, they reprised against Plaintiff based on the simple fact he had filed the instant informal or formal complaint.  This created animosity where none previously may not have existed.  Alternatively, it reinforced existing discriminatory animus.

55. Plaintiff's age, sex, religion and prior EEO activity were also known to all selecting officials either because of their personal participation or the participation of a

colleague or individual involved in the administrative processing of his applications, EEO counseling, or investigations.

56. On faith and belief, Plaintiff was the oldest applicant for every charge and significantly older than the selectee and all other applicant(s) treated more favorably. "More favorably" refers to final selectee(s) or any applicant referred, selected for interview, or any applicant who received further consideration where Plaintiff was not granted such advancement in the evaluation process because of his protected bases.

57. No performance evaluation at any time in Plaintiff's employment was below average, or minimal, or resulted in any adverse action or loss of promotion, step increases, training, awards, or benefits.

58. Based on the administrative record, Plaintiff alleges that Defendant failed to preserve his application and the applications of other applicants.

59. Based on the administrative record, Plaintiff alleges that Defendant failed to preserve the notes of selecting officials and personnelists.

60. Based on the administrative record, Plaintiff alleges that Defendant failed to preserve the demographics information of applicants and hiring practices.

61. On faith and belief, Plaintiff was the only Jewish applicant with prior complaints based on his religion.

62. On faith and belief, Plaintiff completed the highest level of education of any applicant based on his graduate degree and PhD coursework as reported on his application.

63. On faith and belief, Plaintiff completed the highest number of relevant training courses documented in any candidate's application.

64. Plaintiff completed over 200 courses related to acquisition as shown in his application.

65. Plaintiff held a top secret (TS) clearance from 2003 to 2015 and had experience administering classified contracts during that period.

66. In regard to every vacancy where transcripts were required to document completion of a minimum positive education requirement, Plaintiff met the requirement by demonstrating his completion of the requirement based on his university transcripts submitted with each of his applications.

67. Plaintiff completed BS and MA degrees, and PhD coursework (not the PhD degree) as shown in his applications.

68. Plaintiff holds three DAWIA certificates at Level 3 plus three other DAWIA certificates as demonstrated in his applications for the vacancies.

69. Plaintiff received awards for nearly every year of service as shown in his application.

70. Plaintiff completed 24 semester in in a combination of the following fields: accounting, business, finance, law, contracts, purchasing, economics, industrial management, marketing, quantitative methods, or organization and management within a degree program the degree or in addition to the degree as demonstrated in the transcripts in his application to qualify for the Contract Specialist positive education requirement.

71. Plaintiff included his/her most recent performance appraisal in each application.

72. Each evaluation Plaintiff submitted reactive to each charge, showed this his most recent performance was rated as "Excellent".

73. Plaintiff was the only applicant whose resume demonstrated knowledge of the FAR (Federal Acquisition Regulation) and DFARS (Defense Federal Acquisition Regulation Supplement) based on his experience as a "Procurement Analyst" when he provided advice to acquisition specialists, program managers, and contract specialists.

74. Plaintiff's USAJOBS Questionnaire he submitted was rated at the highest possible score, 100.

75. But for his age, sex, religious beliefs, and reprisal for his protected activity, Plaintiff would have been selected for the vacancy.

76. Plaintiff's application demonstrated the highest number of Defense Acquisition Workforce Improvement Act (DAWIA) Certifications held by any applicant.

77. Plaintiff held various contract warrants from different agencies, including "unlimited" and "limited" [dollar value] warrants.

78. Plaintiff had no interim earnings for the period January 09, 2015 to the present.

79. On faith and belief, Plaintiff maintains that Defendant has improperly processed his complaints solely for the purposes of delay and retaliation and otherwise acted in bad faith.

80. On faith and belief, Plaintiff maintains that Defendant has acted in bad faith in meeting its responsibilities to preserve and produce records for the investigations it

conducted.

81. On faith and belief, Plaintiff maintains that Defendant has acted in bad faith in not cooperating with its own investigators.

## REQUEST FOR RELIEF

Defendant be directed to employ Plaintiff and that the Court grant such other relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees. Plaintiff requests pecuniary, non-pecuniary, compensatory damages, and to be made whole absent the discrimination in a manner to be decided by the Jury or Judge as applicable.  He requests payment for emotional pain, physical pain, suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.  Plaintiff seeks his costs and expenses to pursue these matters in this court and in the preceding administrative levels.  Plaintiff requests missed wages, employment benefits, lost promotions, awards, training, back pay, front pay, compensatory damages, interest, restoration of his employment benefits, relocation costs, social security payments and adjustments there to, thrift savings, retirement accounts and adjustments thereto , sick leave, annual leave, insurances, correction of employment records via SF-50s, and additional sums if unavoidable tax consequences occur because of lump sum payments. Plaintiff requests that all back pay and benefits be calculated based on Defendant's regulations at DoD 7000.14-R, Financial Management Regulation.

**Related Litigation**

Neither this cause, nor a substantially equivalent complaint, previously has been filed in this court, and therefore this case may be opened as an original proceeding

## Jury Trial

Jury trial is requested at San Antonio Texas.

I declare under penalty of perjury that the above information is true and correct to the best of my knowledge and belief.

Respectfully Submitted,

*[signature: Stan Laber]*

April 13, 2020

Stan Laber, Plaintiff, Pro Se

321 S. Main Ave

Albany, NY 12209

**CERTIFICATE OF SERVICE**

I, Stan Laber, hereby certify that on April 13, 2020, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court via its CM/ECF system, which will send notification of such filing to the clerk of the court record.

*[signature: Stan Laber]*     Stan Laber April 13, 2020

321 S. Main Avenue Albany, NY 12209